MARY KAVENEY, Plaintiff-Appellant, v. BOARD OF EDUCATION OF COMMUNITY HIGH SCHOOL DISTRICT NO. 128, LAKE COUNTY, Defendant-Appellee.

Second District    No. 78-77

Opinion filed February 1, 1979.

R. W. Deffenbaugh, of Drach, Terrell & Deffenbaugh, of Springfield, for appellant.

Ralph Miller, of Franke & Miller, of Chicago, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This appeal requires us to determine the meaning of part of section 21—25 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 21—25.) That section authorizes the issuance of school service personnel certificates and provides in pertinent part:

> "The holder of such certificate shall be entitled to all of the rights and privileges granted holders of a valid teaching certificate."

Plaintiff, Mary Kaveney, is a school nurse and a holder of a school service personnel certificate. Her initial contract with the school board, although the same form as that used for teachers, had the word "Teacher's" crossed out on top, and the word "Nurse" inserted in its place; she had a bachelor's degree and had completed eight years of employment by the defendant at the beginning of the 1975-1976 school year; she received a salary of $10,755 for that year.

Plaintiff brought this action for declaratory judgment and injunctive relief seeking to be paid on the same salary scale which is used by defendant Board of Education for teachers in the district. She contends that one of the rights and privileges given to teachers is the right to be paid on the teachers' salary scale, and that because she holds a service personnel certificate, she should be paid according to the same salary scale as a teacher with like years of service. Plaintiff also contends that she understood that she was considered a member of the full time faculty, as indicated in the school's teachers' manual. The trial court specifically found that the "rights and privileges" granted in section 21—25 refer only to fringe benefits such as pension rights and hospitalization, but not to placement on the teachers' salary scale. On this basis the court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment.

In our opinion the words "all of the rights and privileges" as used in section 21—25 are ambiguous. Acceptance of plaintiff's position would imply that the legislature intended this language to mean "*absolutely* all of the rights and privileges." An examination of other provisions of the school code shows that the legislature has given teachers certain rights and privileges which they alone possess. A teacher must have special training and experience, such as a background in professional education, student teaching and actual teaching experience. (See sections 21—2.1, 21—3, 21—4, 21—5 of the School Code (Ill. Rev. Stat. 1977, ch. 122, pars. 21—2.1, 21—3, 21—4, 21—5).) Further, the law places special burdens on teachers which are not placed on holders of the section 21—25 certificate. For instance, only teachers are given authority to teach in the public schools (Ill. Rev. Stat. 1977, ch. 122, par. 21—2), and a teacher's pay will

be withheld unless he is properly certified, maintains certain records, and accounts for various property in accordance with section 10—20.15 (Ill. Rev. Stat. 1977, ch. 122, par. 10—20.15). Because the legislature has determined that there are some rights and privileges which only teachers have, it cannot be said that *absolutely* all of the rights and privileges of a teacher are granted to a section 21—25 certificate holder.

As set forth above, the legislature has recognized certain differences between teachers and holders of a school service personnel certificate, and that there are certain rights and privileges which teachers alone possess. In this cause we are required to decide whether "all of the rights and privileges" as used in section 21—25 includes the right to be placed on the teachers' salary schedule. Since each school district is given the authority to fix its own salary schedules subject to the minimums set out in section 24—8 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—8), it seems obvious that the legislature did not intend to regulate salary in excess of minimum salary by means of a school service personnel certificate. We therefore hold that plaintiff was not entitled, because she held a school service personnel certificate, to placement on the teachers' salary scale. In so holding we do not intend to detract from the professional status of nurses, librarians, psychologists and other professional school staff, all of whom have rigorous training and educational requirements of their own and are able to qualify for a school service personnel certificate. However, plaintiff's position is based not on the fact that she is a nurse, but rather on her status as the holder of a school service personnel certificate, and we have considered her arguments accordingly.

Plaintiff's other contention that she was caused to believe she was a member of the full time faculty need not be considered, as her reply brief admits that she is not a teacher. We accordingly affirm the trial court.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.